**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESSE LUERA YOUNG,

Petitioner,

v.

No. 22-cr-1582-KWR
No. 25-cv-0928-KWR-JMR

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jesse Luera Young's Notice of Ineffective Assistance By Counsel (CV Doc. 1) (Notice). Petitioner is a federal prisoner and is proceeding *pro se.* The Notice consists of two pages and lists various of sovereign citizen phrases such as "flesh and blood man," "sui juris," "special representative and beneficiary." CV Doc. 1 at 1. *See Fitts v. Newberry*, 2023 WL 4919666, at *2 (N.D. Okla. Aug. 1, 2023) ("[C]ommon trademarks of sovereign citizens … include … claiming to be a 'settlor' or 'executor' of the person sui juris"); *Jackson v. Redman*, 2025 WL 2533498, at *2 (E.D. Okla. May 22, 2025) (rejecting similar sovereign citizen phrases).

The Court will not grant relief based on the Notice. As the Tenth Circuit explained, "[a]n individual's belief [in] h[is] status as a 'sovereign citizen' … has no conceivable validity in American law." *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011). *See also Serpik v. Weedon,* 2024 WL 5055221, at *2 (10th Cir. Dec. 10, 2024) (affirming dismissal of claims that "bore the hallmarks of typical sovereign citizen arguments"); *United States v. Bracken*, 2025 WL 3470848, at *2 (10th Cir. Dec. 3, 2025) (finding an appeal would be "wholly frivolous" where the

requests/arguments were "indicative of the sovereign citizen movement").

If Petitioner wishes to raise a claim that counsel was ineffective in his federal criminal case - as the title of the Notice suggests - he must file a 28 U.S.C. § 2255 motion. The Clerk's Office will mail Petitioner a blank § 2255 motion to assist with the amendment. The completed motion is due on November 20, 2026. The motion must include all § 2255 claims Petitioner wishes to raise. *See Castro v. United States*, 540 U.S. 375, 376 (2003) (requiring courts to permit an amendment that raises all arguments and issue a warning about successive claims before construing a pleading under § 2255). If Petitioner elects to file an amended pleading and raise § 2255 claims at this stage, it will count as his first § 2255 motion for purposes of the restrictions on second/successive filings. *See* 28 U.S.C. § 2255(h); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

By November 20, 2026, Petitioner must also notify the Court of his current address as required by D.N.M. Local Civil Rule 83.6. *See also Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1265 (10th Cir. 1999) (*pro se* parties "bear the burden of filing notice of a change of address"); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018) (affirming Rule 41 dismissal and noting the inmate-plaintiff is "solely responsible for his failure to update his address"). All filings must include the civil case number (25-cv-00928-KWR-JMR). If Petitioner fails to timely file a completed § 2255 motion on the proper form and notify the Clerk of his current address, the Court will dismiss this case without prejudice.

**IT IS ORDERED** that by November 20, 2026, Petitioner shall: (1) file his claims on the 28 U.S.C. § 2255 form; and (2) notify the Clerk's Office in writing of his current address.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a copy of

the form § 2255 habeas motion.

**SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE